UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TERRA-SCAPE LANDSCAPE CONSTRUCTORS, LLC,<br><br>Defendant. | Case No. 4:18 CV 1282 RWS |

## **MEMORANDUM AND ORDER**

In this lawsuit Plaintiffs seek to collect fringe benefit contributions from Defendant Terra-Scape Landscape Constructors, LLC ("Terra-Scape") owed under a collective bargaining agreement. Terra-Scape has elected not to respond to the motion.[1] After reviewing Plaintiffs' brief and the undisputed evidence in support of their motion I will grant Plaintiffs' motion for summary judgment.

*Background*

Plaintiffs have submitted a Statement of Uncontroverted Material Facts ("SUMF") in support of their motion for summary judgment. These facts are deemed to be admitted because they have not been specifically controverted by

---

[1] Terra-Scape failed to respond to Plaintiffs' motion for summary judgment. A member of my staff contacted Terra-Scape's counsel to inquire about Terra-Scape's failure to respond to the motion. Terra-Scape's counsel stated that no response would be filed.

Terra-Scape. E.D.Mo. L.R. 4.01(E).   Plaintiffs are employee benefit plans ("the Benefit Funds") within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Local Union No. 110, Laborers International Union of North America, AFL-CIO (the "Union") and Terra-Scape entered collective bargaining agreements ("CBAs") that require participation in the Benefit Funds. Terra-Scape became signatory to the aforementioned CBAs on October 26, 2011 and May 1, 2013, respectively. [Doc. # 33, SUMF, ¶¶ 1-7]

Under the agreements Terra-Scape is obligated to submit monthly reports and contributions to the Benefit Funds. [Id. at ¶ 10] Terra-Scape has failed to submit its required monthly report forms for all months beginning November 2019. [Id. at ¶11] Terra-Scape is further obligated to pay liquidated damages of ten percent (10%) on all contributions to the Benefit Funds and supplemental dues owed to the Union that are not paid by the last day of the month following the month in which the hours were worked. [Id. at ¶12]

The Benefit Funds and Union have the right to perform a financial examination of Terra-Scape's books and records periodically to ensure that payments have been properly made in accordance with the terms of the collective bargaining agreement. [Id. at ¶13]   In accordance with that right, a financial

2

examination was conducted on the records of Terra-Scape for the period of January 1, 2016 through August 31, 2018. [Id. at ¶ 14]

The financial examination found a total of 1,720.4 unreported hours.   The underreporting revealed by the examination resulted in an underpayment of $15,672.15 in contributions, $709.14 in supplemental dues, $1,607.48 in liquidated damages, and $1,368.85 in interest through December 31, 2019. [Id. at ¶¶ 15-16] In total, the examination found $19,357.62 owed to Plaintiffs. Plaintiffs' accountants billed the Benefit Funds $8,474.00 for performing the payroll examination. [Id. at ¶ 17]

The Benefit Funds and Union are entitled to recover interest, attorneys' fees, court costs, and audit costs in suits to compel payment of underpaid contributions. [Id. at ¶ 18]

Plaintiffs have incurred $5,943.00 in legal fees and $506.50 in court and service costs in this case. [Id. at ¶ 19]   Plaintiffs have moved for summary judgment in the total amount of $34,281.12.   Terra-Scape has failed to respond to the motion.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

   *Discussion*

   The facts in this matter are not in dispute.  Plaintiffs have provided uncontested evidence that Terra-Scape is a party to a collective bargaining agreement that requires it to make payments to the respective Plaintiffs' benefit funds.  Plaintiffs' accounting of past due contributions and their calculation of liquidated damages, interest, costs, and attorney's fees are uncontested and

reasonable. As a result, I will grant Plaintiffs' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' motion for summary judgment in the amount of $34,281.12 [42] is **GRANTED**.

                                        _/s/ Rodney W. Sippel_
                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2020.